**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERTO CARLOS SILVA-PEREIRA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

Nos.   17-71108
         18-70312

Agency No. A095-743-748

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 28, 2019[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

El Salvador native Roberto Carlos Silva-Pereira requests review of two

orders from the Board of Immigration Appeals (BIA): first, the denial of his

motion to reopen based on a change in country conditions, and, second, the limited

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reissued order ordering him removed to El Salvador and denying protection under the Convention Against Torture (CAT). We deny both petitions for review.

1.     Silva-Pereira makes no argument in his brief about the BIA's denial of his motion to reopen. It is therefore waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

Even if review of the denial of his motion to reopen were not waived, the BIA did not abuse its discretion in denying the motion. *See Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). Although Silva-Pereira's motion to reopen was untimely and numerically barred, *see* 8 U.S.C. § 1229a(c)(7), Silva-Pereira asserted a change in country conditions, *see id.* § 1229a(c)(7)(C)(ii). To prevail on this ground, the movant must present new, material evidence establishing changed country conditions, together with previously submitted evidence, demonstrate "prima facie eligibility for the relief sought." *Agonafer*, 859 F.3d at 1204 (citation omitted). The new evidence—a newspaper article in which a witness revealed the identity of one of Silva-Pereira's co-conspirators in a murder—does not exculpate Silva-Pereira or speak to the truth or falsity of the criminal charges he faces in El Salvador or Guatemala. The BIA did not abuse its discretion by concluding that this evidence did not demonstrate changed country conditions and that Silva-

2

Pereira failed to demonstrate prima facie eligibility for asylum or deferral of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013).

2.      Silva-Pereira also requests review of the BIA's limited reissued order, which ordered him removed to El Salvador and denied deferral of removal. He argues that the BIA erred in denying deferral of removal because he contends he will be killed in prison if returned to El Salvador.

"We review 'denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014)). Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B). Thus, we must uphold the BIA's decision unless we "determine 'that the evidence not only *supports* a contrary conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." *Huang*, 744 F.3d at 1152 (alterations omitted) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)).

The BIA affirmed the immigration judge's findings that Silva-Pereira would be able to utilize the criminal justice system and that, given his high-profile status,

3

it is unlikely that he would be harmed or otherwise deprived of fair treatment. This was not an abuse of discretion because ordinary prosecution and incarceration do not amount to torture, *see Lin v. Holder*, 610 F.3d 1093, 1098 (9th Cir. 2010), and Silva-Pereira presented only speculative testimony that he would be killed by a fellow inmate if imprisoned, *see Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (requiring a petitioner to show that he would "more likely than not" be tortured through "hard evidence" and not merely "a series of worst-case scenarios"). Moreover, Silva-Pereira's wife and mother-in-law, who were indicted on similar charges to Silva-Pereira, were tried and eventually acquitted.

The petitions for review are **DENIED**.